# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------X

NIKOLAOS FIORETOS

                        *Plaintiff*

      -against-

COSTCO WHOLESALE CORPORATION and
"JOHN DOE", the name being fictitious and
unknown to the plaintiff

                        *Defendants*

-------------------------------------------------------------X

Index No. 704062/2020
Date Purchased 03/09/2020

Plaintiff(s) designate(s)
QUEENS
County as the place of trial.

The basis of the venue is
PLAINTIFF'S RESIDENCE

## SUMMONS

Plaintiff's Residence:
23-51 38th Street, Apt#B2
Astoria, NY 11105
County of QUEENS

To the above-named Defendant(s)

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, March 9, 2020

Defendant's address:

COSTCO WHOLESALE CORPORATION
32-50 VERNON BOULEVARD
LONG ISLAND CITY, NY 11106

"JOHN DOE"
32-50 VERNON BOULEVARD
LONG ISLAND CITY, NY 11106

JERRY CHRISAFIS, ESQ.
*Attorney for Plaintiff*
**NIKOLAOS FIORETOS**
21-83 Steinway Street
Astoria, NY 11105
Tel. (718) 726-4600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
NIKOLAOS FIORETOS

                       *Plaintiff*

     -*against*-

COSTCO WHOLESALE CORPORATION and
"JOHN DOE", the name being fictitious and unknown
to the plaintiff

                   *Defendants*
-------------------------------------------------------------------X

Index No: 704062/2020

**VERIFIED COMPLAINT**

     The plaintiff, **NIKOLAOS FIORETOS**, by and through his attorney, **JERRY CHRISAFIS, ESQ.**, complaining of the defendants, alleges as follows:

     1.  That the plaintiff, **NIKOLAOS FIORETOS**, is a resident of the County of Queens, City and State of New York.

     2.  That upon information and belief, at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, was and still is a domestic corporation, duly licensed, organized and existing under, pursuant to and by virtue of the laws of the State of New York.

     3.  That upon information and belief, at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, was a foreign corporation, duly authorized to do and/or transact business in the State of New York.

     4.  That upon information and belief, at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, was a partnership, duly organized and existing under, pursuant to and by virtue of the laws of the State of New York.

5.  That upon information and belief, at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, was a limited partnership, duly organized and existing under, pursuant to and by virtue of the laws of the State of New York.

6.  That upon information and belief, at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, was a domestic limited liability company duly organized and existing under, pursuant to and by virtue of the laws of the State of New York.

7.  That upon information and belief, at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, was a foreign limited liability company duly authorized to do and/or transact business in the State of New York.

8.  That upon information and belief, at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, was and still is a joint venture and/or a joint business venture duly organized and existing under, pursuant to and by virtue of the laws of the State of New York.

9.  That upon information and belief, at all times hereinafter mentioned, the defendant, **COSTCO WHOLESALE CORPORATION**, was and still is duly authorized to conduct and transact business in the State of New York.

10.  That upon information and belief, at all times hereinafter mentioned, the defendant, **COSTCO WHOLESALE CORPORATION**, maintains a principal place of business in the State of New York.

11.  That upon information and belief, **COSTCO WHOLESALE CORPORATION**, was and still is a business entity and/or a business enterprise duly organized and existing under, pursuant to and by virtue of the laws of the State of New York.

12. That at all times mentioned herein, including but not limited to February 26, 2019, the defendant, **COSTCO WHOLESALE CORPORATION**, was doing business as **COSTCO**.

13. That the defendant, **"JOHN DOE"** is named as a defendant herein. His name is fictitious as same is presently unknown to the plaintiff herein.

14. That at all times mentioned herein, including but not limited to February 26, 2019, the defendant, **"JOHN DOE"** was an employee of the defendant, **COSTCO WHOLESALE CORPORATION**.

15. That at all times mentioned herein, including but not limited to February 26, 2019, the defendant, **"JOHN DOE"**, was in the course, furtherance of and was acting within his authority and scope of his employment as an employee of the defendant, **COSTCO WHOLESALE CORPORATION**.

16. That upon information and belief, at all times hereinafter mentioned, including but not limited to, prior to and on February 26, 2019, there existed a **COSTCO** warehouse facility which was open to the public and Costco Members, and was located at 32-50 Vernon Boulevard, Long Island City, NY 11106, in the County of Queens, City and State of New York.

17. That upon information and belief, at all times mentioned herein, including but not limited to, prior to and on February 26, 2019, the defendant, **COSTCO WHOLESALE CORPORATION**, occupied the building, property and premises located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

18. That upon information and belief, at all times mentioned herein, including but not limited to, prior to and on February 26, 2019, the defendant, **COSTCO WHOLESALE CORPORATION**, managed the building, property and premises located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

19. That upon information and belief, at all times mentioned herein, including but not limited to, prior to and on February 26, 2019, the defendant, **COSTCO WHOLESALE CORPORATION**, was the managing agent for the building, property and premises located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

20. That upon information and belief, at all times mentioned herein, including but not limited to, prior to and on February 26, 2019, the defendant, **COSTCO WHOLESALE CORPORATION**, maintained the building, property and premises located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

21. That upon information and belief, at all times mentioned herein, including but not limited to, prior to and on February 26, 2019, the defendant, **COSTCO WHOLESALE CORPORATION**, supervised the building, property and premises located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

22. That upon information and belief, at all times mentioned herein, including but not limited to, prior to and on February 26, 2019, the defendant, **COSTCO WHOLESALE CORPORATION**, was a tenant in the building, property and premises located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

23. That upon information and belief, at all times mentioned herein, including but not limited to, prior to and on February 26, 2019, the defendant, **COSTCO WHOLESALE CORPORATION**, was a lessee in the building, property and premises located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

24. That at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, owned a business/store/warehouse facility known as **COSTCO**, which was located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

4

25. That at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, operated a business/store/warehouse facility known as **COSTCO**, which was located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

26. That at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, maintained a business/store/warehouse facility known as **COSTCO**, which was located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

27. That at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, managed a business/store/warehouse facility known as **COSTCO**, which was located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

28. That at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, occupied a business/store/warehouse facility known as **COSTCO**, which was located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

29. That at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, controlled a business/store/warehouse facility known as **COSTCO**, which was located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

30. That at all times mentioned herein, the defendant, **COSTCO WHOLESALE CORPORATION**, supervised a business/store/warehouse facility known as **COSTCO**, which was located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

31. That upon information and belief, at all times mentioned herein, including but not limited to, prior to and on February 26, 2019, there existed common areas and aisles located within the store/business/warehouse facility known as **COSTCO WHOLESALE CORPORATION** that was located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

32. That upon information and belief, at all times mentioned herein, including but not limited to, prior to and on February 26, 2019, there existed aisles, more specifically aisles #200 and 202, in the business/store/warehouse facility known as defendant, **COSTCO WHOLESALE CORPORATION**, that was located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

33. That on Tuesday, February 26, 2019 at approximately 5:00 – 5:15 P.M., the plaintiff was a business invitee, customer, licensee and patron who, along with a colleague/friend/ associate who was a Costco member, was shopping in the **COSTCO** store/business/warehouse facility located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

34. That at the above date, time and place, the plaintiff was shopping in aisles 200/202, along with a friend/colleague/associate at the **COSTCO** store/business/warehouse facility located at 32-50 Vernon Boulevard, Long Island City, NY 11106.

35. That on the date, time and place as stated above, the plaintiff was using all due care for his safety, when suddenly without any warning and/or notice, defendant, **"JOHN DOE"**, an employee of the defendant, **COSTCO WHOLESALE CORPORATION**, negligently, carelessly and recklessly ran over and struck the plaintiff's body, and more specifically his right leg/right ankle from behind with a large rectangular metal bin herein. That the contact between the metal bin and the plaintiff's right leg/ankle was hard and fast.

36. That as a direct result of the negligence, carelessness and recklessness of the defendant, **COSTCO WHOLESALE CORPORATION**, its agents, servants, employees, licensees and/or permitees, the plaintiff, **NIKOLAOS FIORETOS**, was injured and sustained severe and serious injuries as alleged herein, all of which the plaintiff claims to be permanent in nature herein.

37.  That upon information and belief, at all times mentioned herein, including but not limited to, prior to and on February 26, 2019, the defendant, **COSTCO WHOLESALE CORPORATION**, was and still is located in a public place and was in constant use by business invitees, customers, licensees, patrons of, the public in general and persons lawfully, legally and rightfully walking on and in the business/store/warehouse facility known as Costco that was located at 32-50 Vernon Boulevard, Long Island City, NY 11106, and came under the occupation, operation, management, maintenance, control, ownership and supervision of the defendant, **COSTCO WHOLESALE CORPORATION**, its agents, servants, employees, licensees and/or permitees herein.

38.  That upon information and belief, at all times mentioned herein, including but not limited to, prior to and on February 26, 2019, that as the owner of said business and store, the defendant, **COSTCO WHOLESALE CORPORATION**, thus had a duty, obligation and responsibility to maintain, manage, supervise, operate, control and to keep its store/business/ warehouse facility located at 32-50 Vernon Boulevard, Long Island City, NY 11106, in a good, safe and passable condition for business invitees, customers, licensees, patrons of the defendant, **COSTCO WHOLESALE CORPORATION**, and the general public, and more specifically and in particular the plaintiff, **NIKOLAOS FIORETOS**, to walk upon therein.

39.  That as a direct result of the defendant, **COSTCO WHOLESALE CORPORATION'S** breach of its duty, responsibility and obligation owed to the plaintiff, **NIKOLAOS FIORETOS** was injured herein.

40.  The defendant, **COSTCO WHOLESALE CORPORATION**, was further negligent, careless and reckless as follows: 1) in wrongfully hiring, 2) continuing the employment of, 3) failing to train and/or failing to properly and/or adequately train, 4) failing to

supervise and/or failing to properly and/or adequately supervise, and 5) failing to investigate and/or to conduct the proper investigation of the defendant, **"JOHN DOE"**, prior to hiring him and during his period of employment, in total disregard for business invitees, customers, licensees, patrons, Costco members, the public at large and the plaintiff, **NIKOLAOS FIORETOS**, in particular herein.

41.  That the damage caused to plaintiff, **NIKOLAOS FIORETOS**, by the abovementioned acts, actions and/or behavior of the defendant, **"JOHN DOE"**, could have been prevented by reasonable diligence of the defendant, **COSTCO WHOLESALE CORPORATION**, through the implementation of reasonable effective programs relating to the screening, training and supervision of the defendant, **"JOHN DOE"**, herein.

42.  That furthermore the failure of the defendant, **COSTCO WHOLESALE CORPORATION**, to engage in or provide the aforesaid reasonable effective programs constitutes negligence, reckless and carelessness on the part of the defendant herein.

43.  That the aforesaid accident solely through the fault, negligence, carelessness and recklessness of the defendants, **COSTCO WHOLESALE CORPORATION and "JOHN DOE"**, its authorized agents, permitees, servants, employees and/or licensees without any fault or contributory negligence on the part of the plaintiff, **NIKOLAOS FIORETOS**, herein.

44.  That this action falls within one or more of the exemptions as set forth in CPLR Section 1602.

45.  That solely as a result of the negligence, recklessness and carelessness of the defendants, **COSTCO WHOLESALE CORPORATION and "JOHN DOE"**, as heretofore alleged, the plaintiff, **NIKOLAOS FIORETOS**, was caused to be rendered sick, sore, lame, disabled, hospitalized and sustain serious, severe and permanent injuries, and other injuries, was

8

and will be for a long time to come incapacitated from attending to his usual duties and activities, and has incurred expenses for hospital, medical and treatment and other expenses all to his damage in an amount that exceeds both the monetary and jurisdictional limits of all lower Courts and tribunals herein.

46.  That as a result of the foregoing, the plaintiff, **NIKOLAOS FIORETOS**, has been damaged in an amount that exceeds both the monetary and jurisdictional limits of all lower Courts and tribunals herein.

**WHEREFORE**, plaintiff, **NIKOLAOS FIORETOS**, demands judgment against the defendants, **COSTCO WHOLESALE CORPORATION and "JOHN DOE"**, in an amount that exceeds the monetary and jurisdictional limits of all lower Courts and tribunals herein, together with interest, the costs and disbursements of this action.

Dated: March 9, 2020
      Queens, New York

                              JERRY CHRISAFIS, ESQ.
                              *Attorney for Plaintiff*
                              **NIKOLAOS FIORETOS**
                              21-83 Steinway Street
                              Astoria, New York 11105
                              Tel.: (718) 726-4600

## VERIFICATION

State of New York)
County of Queens )  ss:

**NIKOLAOS FIORETOS** deposes and states under penalty of perjury:

I have read the foregoing ___Summons + Verified Complaint___,

and it is true, except as to matters alleged upon information and belief, as to those

matters I believe them true.

Dated: March 9, 2020
Queens, New York

_____
**NIKOLAOS FIORETOS**

Sworn to before me this _9th_
day of _March_, _2020_

_____
Notary Public

JERRY CHRISAFIS
Notary Public, State of New York
Commission No. 02CH4957819
Qualified in Queens County
Term Expires October 23, 2021

Index Number: 704062/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **QUEENS**

**NIKOLAOS FIORETOS**

*Plaintiff*

*-against-*

**COSTCO WHOLESALE CORPORATION and
"JOHN DOE", the name being fictitious and unknown
to the plaintiff**

*Defendants*

*SUMMONS & VERIFIED COMPLAINT*

*Date: March 9, 2020*

**JERRY CHRISAFIS, ESQ.**
Attorney for Plaintiff(s)
21-83 Steinway Street
Astoria, New York 11105
(718) 726-4600

Service of a copy of the within                                   is hereby admitted.
Dated,
Attorney(s) for

NOTICE OF ENTRY

Sir:  Please take notice
    that the within is a (certified) true copy of a
    duly entered in the office of the clerk of the within named court on
Dated,
Yours, etc.,

**JERRY CHRISAFIS, ESQ.**
Attorney for: Plaintiff(s)
21-83 Steinway Street
Astoria, New York 11105

TO:

Attorney(s) for:

NOTICE OF SETTLEMENT

Sir:  Please take notice that an order                            of which the within is a true copy will be presented for settlement to the
Hon.           one of the judges of the within named Court, at                              on  the     day of       , 20
at       M.

Dated,

Yours, etc.,

**JERRY CHRISAFIS, ESQ.**

Attorneys for Plaintiff(s)
                                21-83 Steinway Street
                                Astoria, New York 11105
TO:
Attorney(s) for: